No. 25,903.

THE FARMERS STATE BANK OF WHITING, *Appellee,* v. A. BOKEL, *Appellant.*

### SYLLABUS BY THE COURT.

1. JUDGMENTS—*Setting Aside Default—Grounds.* It is not an abuse of discretion for the trial court to refuse to set aside a judgment by default where there had been personal service of summons and the case had been continued over one term at defendant's request, where the principal ground urged was that the petition did not state a cause of action, which ground was not good, and defendant did not show that he had any defense to the action.

2. EXECUTION—*Property Subject to Levy.* When the only personal property owned by defendant within the jurisdiction of the court is bank stock, which had no value, a sheriff is not required to levy on such bank stock and sell it before making a levy upon real property.

Appeal from Jackson district court; MARTIN A. BENDER, judge. Opinion filed May 9, 1925. Affirmed.

*Thomas A. Fairchild,* and *H. R. Fulton,* both of Holton, for the appellant.

*E. R. Sloan,* of Holton, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action by a bank against a stockholder for the amount of an assessment levied upon his stock and his promise to pay the same. The petition was filed in April, 1923, and personal service was had on defendant, who made no appearance. The case came on for trial October 20, and judgment was rendered for plaintiff. An execution was issued and levy made upon real property, which was sold by the sheriff.

On December 14 defendant filed a motion to vacate and set aside the judgment rendered October 20 and to grant a new trial for irregularity in obtaining the judgment, for unavoidable casualty, mistake and misfortune, for accident and surprise, and for the reason "that the said defendant has a just and adequate defense to said action in that the petition of the plaintiff herein does not state

facts sufficient to constitute a cause of action against this defend-
ant."

Upon the hearing of this motion, defendant filed an affidavit
reciting in substance that after being served with summons he em-
ployed an attorney to attend to the case and went to western Kan-
sas and Colorado, where his business kept him until after the judg-
ment had been rendered. He detailed correspondence with his at-
torney and criticised him for not making a defense to the case, or
at least keeping him better advised. A letter from the attorney,
attached to the affidavit, advised defendant that he had got the case
put over until the September term, "and by that time we will have
an opportunity to make a full investigation of it, and if there is any
defense to the action we will set it up at that time." There is noth-
ing in the affidavit to indicate that defendant advised his counsel of
any defense he had. The affidavit recited that defendant "believes
that he has a good and legal defense against the action  . . .
and that if the judgment heretofore rendered in this case is set aside
he will appear at such time as the court may appoint to make such
defense." The court overruled this motion, and defendant complains
of that ruling.

While filed too late after the judgment to be, strictly speaking, a
motion for a new trial, it was filed and considered at the same term
of court at which the judgment was rendered and amounted to an
appeal to the sound discretion of the court to set aside the judgment.
There was no error in the court overruling this motion. Defendant
had had personal notice of the suit for about six months when the
judgment was rendered, it had been once continued at his request,
he had been unable to advise his attorney of any defense he had to
the action, and his attorney had been unable to discover any de-
fense, and he presented no defense on this motion except the aver-
ment in the motion that the petition did not state a cause of action,
a question which he could readily have raised before the judgment
was taken, if it had any merit. But it had none. The petition did
state a cause of action, if for no other reason, upon the defendant's
specific promise to pay the assessment which had been levied upon
his stock.

Defendant then filed a motion to set aside the sale for the reason,
among others, that no appraisement had been made of the property,
and the court sustained that motion. A second execution was issued
and levy made upon defendant's real property, and the real property

appraised and sold. Defendant then moved the court to set aside the sale for the reason, among others, that the return of the sheriff of "no goods" was not true. Defendant's point on this is that the plaintiff's petition showed that he had stock in the bank, that bank stock is personal property, and it should have been levied upon and exhausted before a levy was made upon real property. On this question the court took evidence, which disclosed that the bank stock was of no value, and overruled the motion, and defendant complains of that. There is no error in this ruling. Where the only personal property within the jurisdiction of the court has no value, the sheriff is not bound first to levy upon that and go through the form of a sale of it before a levy is made upon real property.

Defendant contends that an assessment made by stockholders upon bank stock, pursuant to R. S. 9-107, does not create a personal liability against the stockholder, but only subjects the stock to sale in the event the assessment is not paid. This question is not properly before us and we shall not undertake to pass upon it. Defendant might have had this question in the case had he answered and made this claim before a judgment, but, as previously stated, the petition in this case recited the fact that the assessment had been made pursuant to requirements by the bank commissioner and upon proceedings that were regular, but further averred that after the assessment had been made the defendant specifically promised to pay the assessment, and the action is predicated upon such promise. But defendant contends there was no consideration for such promise. Really this question is not before us, but assuming, without deciding, that defendant's interpretation of the statute, R. S. 9-107, is correct, that is, when the assessment was made, the defendant had an option either to pay it or to permit his stock to be sold, the defendant, to avoid the sale of his stock, which perhaps had some value at that time, promised and agreed to pay the assessment, and the bank, relying upon such promise, did not sell his stock. We see no reason why this is not a sufficient consideration for his promise.

Finding no error in the case, the judgment of the court below is affirmed.